1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATHEW JAMES MIGHELL,

                Plaintiff,

    v.

CITY OF EDMONDS, et al.,

                Defendants.

CASE NO. C14-0285-RSM-MAT

ORDER DENYING PLAINTIFF'S
MOTIONS TO EXTEND DISCOVERY
DEADLINE

This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff alleges in this action that the use of a police dog to effectuate his arrest in 2011 constituted excessive force. Currently pending before the Court are plaintiff's two motions to extend the discovery deadline. Defendants have filed responses opposing both motions.  The Court, having reviewed plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1)    Plaintiff's motions to extend the discovery deadline (Dkts. 21 and 28) are DENIED.   In the first of his two motions, plaintiff requested a 60 day extension of the discovery deadline.  He argued in support of his request that defendants' responses to his first set of discovery requests were overdue and that he was waiting to receive those responses before sending out additional discovery.  Plaintiff maintained that he would not have sufficient time to

ORDER DENYING PLAINTIFF'S MOTIONS TO
EXTEND DISCOVERY DEADLINE
PAGE - 1

send out additional discovery requests, given the existing discovery deadline of September 19, 2014, unless the extension was granted.  Defendants opposed plaintiff's first motion on the grounds that they had, in fact, responded to plaintiff's first set of discovery requests and that plaintiff would have had time, within the existing schedule, to serve defendants with additional discovery.  (*See* Dkt. 27.)  Defendants also noted that plaintiff had not articulated in his motion what he was hoping to uncover via additional discovery that would necessitate amendment of the case schedule.  (*See id*.)

In his second motion for extension of time, plaintiff requested that the pretrial deadlines be extended until June 30, 2015 to allow him sufficient time to conduct discovery.  Plaintiff acknowledged in his second motion that he received defendants' responses to his first set of discovery requests on August 20, 2014, but that some of those responses raised questions which could only be answered by conducting depositions.  Defendants opposed plaintiff's second motion on the grounds that plaintiff's indigent status would preclude him from taking depositions and plaintiff had offered no explanation of how the depositions would be paid for. (*See* Dkt. 29.)  Defendants also argued in their response that plaintiff could not credibly assert that he was just now discerning who the witnesses were to the event which precipitated this lawsuit, or what information they possessed that was of interest to him, given that he had had access through his criminal counsel to police reports pertaining to the event since his arrest in 2011.  (*See id*.)

The Court concurs with defendants that plaintiff has not shown good cause for the requested extensions of the discovery deadline and, in fact, the Court is concerned that the requested extensions are nothing more than a tactic by plaintiff to delay these proceedings.  The entire basis of plaintiff's first request for an extension of time was that he had yet to receive

defendants' responses to his initial discovery requests.  However, plaintiff acknowledged in his second motion for extension of time that he had received defendants' responses to his initial discovery requests on August 20, 2014, a day before he signed his first motion for extension of time in which he represented to the Court that he had yet to receive the responses.  Plaintiff made no effort to explain this apparent misrepresentation, but instead proceeded to request an additional nine months to complete depositions of witnesses whom he failed to even identify in his motion.

The Court is not inclined to grant any extension of the discovery deadline based on the sparse information supplied by plaintiff in his pending motions.  This case will therefore proceed in accordance with the previously issued pretrial scheduling order.

(2)    The Clerk is directed to send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 29th day of October, 2014.


Mary Alice Theiler
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS TO
EXTEND DISCOVERY DEADLINE
PAGE - 3